Susan Rotkis
AZ Bar # 032866
PRICE LAW GROUP, APC
2290 East Speedway Blvd.
Tucson, Arizona 85719
T: (818) 600-5506
E: susan@pricelawgroup.com

*Attorney for Plaintiff Doe*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| John Doe, | Case No.: 2:22-cv-01716-SMM |
|---|---|
| Plaintiff, | **PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT** |
| v. | |
| Sterling Infosystems, Inc., | |
| Defendant. | |

Plaintiff, John Doe, moves to Proceed by Pseudonym and for entry of a Protective Order in his action against Defendant Sterling Infosystems, Inc. ("Sterling" or "Defendant") for his protection and for the reasons explained herein.

**I.   INTRODUCTION**

This case is brought pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for

consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

This court has previously granted Plaintiff's motion to proceed in pseudonym in two other cases, *Doe v. PreCheck, Inc.,* 2:21cv1129-DLR, *Doe v. Tempe St. Luke's Hospital*, 2:21cv1122-DLR, and *Doe v. Accurate Background LLC,* CV-21-01629-PHX-MTM.

Sterling violated 15 U.S.C. §§ 1681e(b), 1681(i), and 1681k(a)(1) by failing to use reasonable procedures to ensure it only reported maximally accurate information about Plaintiff, failing to employ strict procedures to ensure that criminal public records information that is likely to have an adverse impact on a consumer's employment is "complete and up to date"; and failing to timely provide the required FCRA notices to Plaintiff. Sterling sold to Plaintiff's employer, Fieldworks, Inc. (hereafter referred to as "Fieldworks"), a consumer report that inaccurately detailed Plaintiff's criminal history. The inaccurate information Sterling provided to Fieldworks ultimately cost Plaintiff to

be denied employment at his new job. If further publicized, the inaccurate information will likely continue to prevent Plaintiff from obtaining gainful employment.

## II.     RELEVANT FACTUAL BACKGROUND

On April 15, 2016, Plaintiff was indicted on four counts of Trafficking In Stolen Property in the first degree; four counts of Forgery of a Credit Card, with intent to defraud; and one count of Burglary in the second degree. However, on November 28, 2016, Plaintiff entered into a plea agreement that dismissed seven of the counts and reduced the remaining two. Plaintiff was ultimately convicted of one count of Fraudulent Use of a Credit Card, a Class 1 Misdemeanor and one count of Theft, a Class 6 Felony. Plaintiff's conviction and sentence was ultimately modified by court order, changing the felony to a misdemeanor.

Plaintiff applied for a position at Fieldworks in or around October 2020. As part of the application process, Plaintiff authorized Fieldworks to pull an employment-purposed consumer report. Fieldworks requested the report from Defendant Sterling on or about October 12, 2020. Sterling supplied a final inaccurate report containing the felony conviction to Fieldworks on or about October 16, 2020. Defendant has never supplied a copy of the aforementioned report to Plaintiff and a copy of the report or a summary of his rights at the time Defendant supplied the report to Fieldworks.

Instead, unbeknownst to Plaintiff, Fieldworks provided a copy of the report to Plaintiff, together with a pre-adverse action notice sometime in October 2020. Plaintiff did not discover this report until August 4, 2022. Sometime after the first report and email Fieldworks also sent a second report to Plaintiff informing him that he would not be hired

for the position due to findings on his consumer report. Plaintiff did not discover this report until August 4, 2022. Plaintiff was already aware that he was not being hired for the position at Fieldworks because of falsely reported felony on his record. It was when Fieldworks discussed report that Plaintiff learned that the employment-purposed consumer report sold by Defendant to his employer included a false, incomplete and outdated public record that indicated Plaintiff was convicted of a felony. Mr. Doe had informed a representative from Fieldworks that the felony was a misdemeanor and provided Fieldworks' with the Court Order showing that the crime was a misdemeanor, but as the representative had told him, the Order did not change their mind. Plaintiff was not hired.

### III.  LEGAL STANDARD

"[T]he Ninth Circuit has held that pleading through the use of fictitious name is only permitted in the most unusual of cases. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). These are situations where 'nondisclosure of a party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment.' *Advanced Textile*, 214 F.3d at 1067-68. The Ninth Circuit has described three types of cases that are appropriate for fictitious pleading; (1) where identification creates the risk of physical retaliation, *id.* at 1068; (2) **where anonymity is needed to protect highly personal information**, such as medical reports or a person's sexual orientation, *id.* (citing *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988)); (3) and where anonymity protects a party from criminal

prosecution. *Id*. (citing *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981))." *Ross v. Corich*, No. CV 08-0371-PHX-MHM, at *2 (D. Ariz. Sep. 5, 2008) (emphasis added).

The Ninth Circuit applies "a balancing test … when determining whether a plaintiff, … should be allowed to proceed under a fictitious name. This balancing test[] asks the Court to weigh the 'party's need for anonymity' against 'prejudice to the opposing party and the public's interest in knowing that party's identity.'" *Ross,* No. CV 08-0371-PHX-MHM, at *2 (quoting *Advanced Textile*, 214 F.3d at 1068).

## IV. LEGAL ARGUMENT

Plaintiff is filing this suit against Defendant Sterling for violating the FCRA. Sterling violated the FCRA by publishing inaccurate public records information that was likely to have an adverse effect on Plaintiff's employment, failing to employ procedures to prevent the publication of false information and to ensure that only complete and up to date information was furnished to his employer, and failing to provide him with a copy of his employment-purposed consumer report at the time it sold the report to Plaintiff's employer. Sterling's failure to comply with its obligations under the FCRA caused Plaintiff to lose his job with Fieldworks. That inaccurate information ultimately kept Plaintiff from being hired, and it could cost him more employment opportunities if it is further publicized.

Plaintiff accepted the State's plea deal in 2017 specifically because it would allow him to avoid the stigma associated with being a "felon." The Court approved Plaintiff's plea agreement because he had **never** been convicted of a crime before, and **none** of his charges were violent. If it were not for Defendant's violations of the FCRA, Plaintiff

would have no reason to publicly explain that this falsely reported felony, was actually a misdemeanor.

Although "[t]he decision to allow pseudonyms is 'discretionary,'" Plaintiff understands that this Court's authority "is cabined by the Ninth Circuit's express guidance." *Jane Roes 1-2 v. SFBSC Management, LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) (quoting *Advanced Textile Corp.*, 214 F.3d at 1067–68). Plaintiff recognizes that this case is not one that the Ninth Circuit has explicitly determined necessitates anonymity. However, Plaintiff asks this Court to exercise its discretion and allow him to proceed as "John Doe." Plaintiff took a plea deal where he was convicted with a misdemeanor nearly four years ago. Plaintiff has worked incredibly hard to get back on track and contribute positively to society. There is no reason that Plaintiff should be forced to publicly identify himself as someone who is a felon.

**A. Anonymity Is Necessary To Protect Highly Sensitive Information That May Result In Unwarranted, Negative Stigma.**

Although it is possible to work at a market researching company with misdemeanor convictions, it is nearly impossible for Plaintiff to obtain gainful employment if he is classified as a "felon." In attempting to vindicate his FCRA rights, he may be subjected to additional harm, ridicule and deprivation of employment.

Plaintiff agreed to a jail sentence specifically to obtain a reduction of another felony to a misdemeanor, in hopes that he would still be able to gain meaningful employment upon his release. Unfortunately, Sterling provided an employment-purposed consumer report that included inaccurate information about Plaintiff's criminal history.

Even after Plaintiff provided Fieldworks' representative with a copy of the Court Order that showed that the incident was a misdemeanor, Plaintiff was denied employment.

Those facts alone suggest that it would be detrimental to Plaintiff to proceed in this action under his legal name. This lawsuit should correct the inaccurate information in Sterling's records, and a potential employer should not receive the inaccurate information in the future. Plaintiff is desperate to put the past behind him. However, if Plaintiff is required to proceed under his legal name, it is very likely that a potential employer could associate this lawsuit with Plaintiff. Plaintiff will need to disclose information generally unavailable to the public to fully pursue his claims against Defendant. Fieldworks, an employer that had considered hiring Plaintiff and invested interviewing him for the position, was unwilling to look past the stigma associated with being a "felon," even **after** receiving proof that the charge was actually a misdemeanor. There is a possibility that a future employer will respond as Fieldworks did and decide that even the **possibility** that Plaintiff was convicted of a felony makes him unemployable. Plaintiff should not be forced to shoulder the stigma of a felony conviction if the State has clearly stated in Plaintiff's Court Order that he was convicted of a misdemeanor.

**B. Allowing Plaintiff to Proceed Under A Pseudonym Will Not Prejudice Defendant.**

Plaintiff is known to Defendant, so Plaintiff's decision to formally proceed by pseudonym is unlikely to have any impact on litigation. Additionally, Plaintiff's Complaint and this Motion contain factual details that should allow Defendant to ascertain Plaintiff's identity upon a review of Defendant's own records. However,

Plaintiff's Counsel is willing to meet and confer with Defendant's Counsel to provide Plaintiff's identifying information, if necessary, so long as Defendant agrees to keep his identity confidential.

### C. The Public Is Not Interested In Plaintiff's Identity.

Plaintiff concedes that the public has a general interest in knowing the not only of parties to litigation, but also to identity of a convicted individual. However, the public's interest in Plaintiff's identity was already served during Plaintiff's criminal case. If the public is truly interested in Plaintiff's criminal history, it is a matter of public record and can be retrieved form Pinal County. However, the public's interest in the identity of the Plaintiff is outweighed by the harm it may to do him by causing him to identify as someone with a felony, even though the issue at hand is a misdemeanor conviction and revealing details of the felony conviction that he has a right to be free from its stigma.

Regardless, the public's interest in this litigation is not related to Plaintiff's identity or criminal history, specifically. Instead, the public's interest lies in the protection of consumers' rights under the FCRA. The public has an interest in ensuring that Defendant Accurate complies with its obligations under the FCRA, and only publishes maximally accurate public records information about consumers. Those interests can be served even if Plaintiff is permitted to proceed by pseudonym.

### V. CONCLUSION

Plaintiff should be permitted to proceed by pseudonym and for entry of a Protective Order because the FCRA was enacted **specifically** to protect consumers from being harmed by inaccurate information in credit reports. Moreover, the balancing test

employment by courts in the Ninth Circuit favors anonymity in this case. *See Ross,* No. CV 08-0371-PHX-MHM, at *2.

> */s/ Susan Rotkis*
> Susan Rotkis
> AZ Bar # 032866
> PRICE LAW GROUP, APC
> 2290 East Speedway Blvd
> Tucson, Arizona 85719
> T: (818) 600-5506
> E: susan@pricelawgroup.com
>
> *Attorneys for Plaintiff Doe*